FILED

2020 Apr-22  PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

# United States District Court

### for the

## NORTHERN DISTRICT OF ALABAMA

Fred Crum

_____
*Plaintiff,*
*(Write your full name. No more than one plaintiff may be named in a pro se complaint)*

v.

Resolute Forest Products

_____
*Defendant(s),*
*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names)*

}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}

2020 APR 22 P 3:45

Case No.: 1-20-CV-550-ACA
*(to be filled in by the Clerk's Office)*

JURY TRIAL ☐ Yes   ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.   **The Parties to This Complaint**

A.   **The Plaintiff**

| | |
|---|---|
| Name | Fred Crum |
| Street Address | 912 Heritage Dr. |
| City and County | Sylacauga |
| State and Zip Code | Alabama 35150 |
| Telephone Number | 256-404-3077 |
| E-mail Address *(if known)* | **Frum1@bellsouth.net** |

☑   **Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.**

**4-20-20**
_____
**Date**

*Fred Crum Sr.*
_____
**Participant Signature**

**II.     Basis for Jurisdiction**

**B.      The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Resolute Forest Products |
| Job or Title *(if known)* | |
| Street Address | 17589 Plant Road |
| City and County | Coosa Pines |
| State and Zip Code | Alabama 35044 |
| Telephone Number | 256-378-5541 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

Defendant No. 4

| | |
|---|---|
| Name | _____ |
| Job or Title *(if known)* | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address *(if known)* | _____ |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | Resolute Forest Products |
| Street Address | 17589 Plant Road |
| City and County | Coosa Pines |
| State and Zip Code | Alabama 35044 |
| Telephone Number | 256-378-5541 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

_____

Relevant state law *(specify, if known)*:

_____

Relevant city or county law *(specify, if known)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me

☑    Termination of my employment

☑    Failure to promote me

☐    Failure to accommodate my disability

☐    Unequal terms and conditions of my employment

☑    Retaliation

☐    Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s):
     6-7-18, 9-16-18, 11-27-18, 1-11-19, (June 19 2019)

     _____

C.   I believe that defendant(s) *(check one)*:

     ☑   is/are still committing these acts against me

     ☐   is/are not still committing these acts against me

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

     ☑   race                 _____Afro-American_____ ✓

     ☑   color                _____Black Men_____

     ☐   gender/sex           _____

     ☐   religion             _____

     ☐   national origin      _____

     ☐   age *(year of birth)* _____
                              *(only when asserting a claim of age discrimination)*
     ☐   disability or perceived disability *(specify disability)*_____

     _____

E.   The facts of my case are as follows. Attach additional pages if needed. _____
     Resolute Forest Products fired me becauce I am Black Man, they dont have
     any black supervisors in my department. I have a BS. Degree in Bus. Management
     and Master Degree.  I have witnesses heard Mr. Pat Hogoss said fired that
     (N-word). Mr.Hogoss is the manager of Coosa Pine Resolute.

     _____

     _____

     _____

     _____

     _____

     *(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

**IV.    Exhaustion of Federal Administrative Remedies**

    A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*: _____

    _____

    B.    The Equal Employment Opportunity Commission *(check one)*:

        ☐    has not issued a Notice of Right to Sue letter

        ☑    issued a Notice of Right to Sue letter, which I received on *(date)*: _____
            **1-25-20**

        *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

    C.    Only litigants alleging age discrimination must answer this question:

        Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

        ☑    60 days or more have elapsed

        ☐    less than 60 days have elapsed

**V.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Lost of income and retirement , I would have work to age 65.   I would have been making $100,000 plus a year for 8yrs $800,000 and contributing 10% to 401k  80,000 My damagers are $880,000.

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case. Date of Signature    _Fred Crum Sr._   4-20-20

Signature of Plaintiff: _Fred Crum Sr._

Printed Name of Plaintiff: _Fred Crum, Sr._

### B.    For Attorneys

Date of Signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Street Address: _____

State and Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson lewis.

**Jackson Lewis P.C.**
**PNC Center, 26th Floor**
**201 E. Fifth Street**
**Cincinnati, Ohio 45202**
**Tel 513 898-0050**
**Fax 513 898-0051**
**www.jacksonlewis.com**

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

My Direct Dial is: (513) 873-2102
My Email Address is: DANIEL.ROSENTHAL@JACKSONLEWIS.COM

*through an affiliation with Jackson Lewis P.C., a Law Corporation

April 3, 2019

Debra Powell
U.S. Equal Employment Opportunity Commission
Ridge Park Place
1130 22nd Street
Birmingham, AL 35205

> Re:   Fred Crum and Resolute Forest Products
>        Charge No. 420-2019-01109

Dear Ms. Powell:

This is the position statement of Resolute Forest Products ("Resolute").

Resolute's Coosa Pines operation is a pulp and paper mill. The United Steelworkers Union represents the Coosa Pines mill production and some maintenance employees, including charging party Fred Crum. Crum's employment with Resolute is governed by the union contract.

Crum's past charge, No. 420-2018-0055, involved discipline imposed under the union contract, resolved fairly by the parties. There was no evidence race was involved, and it was not. The EEOC issued a dismissal and notice of rights on June 4, 2018. Resolute's position statement and the dismissal are Exhibits A and B.

As in the past charge, the current charge involves discipline imposed under the union contract. Race and unlawful retaliation have nothing to do with this.

On May 29 and 30, 2018, Crum was absent and did not call in as required. Resolute gave Crum a reprimand for this. The union, on behalf of Crum, filed a grievance about the reprimand, and ultimately did not pursue the grievance to arbitration. The reprimand is Exhibit C.

Debra Powell
U.S. Equal Employment Opportunity Commission
April 3, 2019
Page 2

**jackson lewis.**

On August 23, 2018, Crum failed to attend mandatory training. Resolute gave Crum a reprimand for this. The union filed a grievance about this reprimand, and ultimately did not pursue the grievance to arbitration. The reprimand is Exhibit D.

On December 12, 2018, Crum took the test for a supervisor position. The test for the position is part of the Nowlin selection process developed by Industrial Psychologist Joseph Nowlin. The Nowlin selection process is job related. Crum scored 1 on the test, the lowest possible score. No one else received a score lower than 4. The two candidates who received the position both scored 7 on the test. Based on his low test score, Resolute did not interview or select Crum for the position. Crum's score sheet is Exhibit E.

On January 11, 2019, Crum received a last chance agreement and suspension in lieu of termination after Crum failed to install a core plug in a pulp roll. A core plug is a plastic end cap that is installed on one end of the inner tube of the pulp roll to allow a vacuum device to pick up the roll and move it without losing suction and inadvertently or unexpectedly dropping the roll. Crum's error was not discovered until the roll was being moved at a port in Italy. Crum's error created an extremely unsafe condition for people handling the product because the roll weighed in excess of 2,200 pounds. Due to the severity of Crum's error, Resolute could have terminated Crum's employment. Also, under the union contract, Resolute could have terminated Crum's employment because he was already under a third step disciplinary action.[1] Nonetheless, Resolute offered Crum a last chance agreement and suspension in lieu of termination. The union signed the last chance agreement and did not file a grievance. Crum also signed the last chance agreement "under protest". The last chance agreement is Exhibit G.

Crum vaguely refers to other individuals being treated differently based on race, without details or evidence. Resolute's employment decisions have nothing to do with race. For example, a white employee received a reprimand for failing to attend mandatory training on August 23, the same as Crum. The other employee's reprimand is Exhibit H. Compare to Exhibit D.

Race and unlawful retaliation have nothing to do with any of this. The charge has no merit and should be dismissed.

Sincerely,
JACKSON LEWIS P.C.

Daniel G. Rosenthal

DGR/trt
Enclosures
4813-5404-4047, v. 1

---

[1] On October 24, 2018, Crum called in sick. Resolute gave Crum a reprimand for his absenteeism. The union filed a grievance about this reprimand, and ultimately did not pursue the grievance to arbitration. Crum did not mention this reprimand in the current charge. The reprimand is Exhibit F.

**jackson lewis.**

Representing Management Exclusively in Workplace Law and Related Litigation

| | | | |
|---|---|---|---|
| 425 Walnut Street | ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| Suite 2300 | ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| Cincinnati, Ohio 45202 | ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| Tel 513 621-3440 | AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| Fax 513 621-4449 | BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| www.jacksonlewis.com | BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| | BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| | CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| | CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| | CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| | DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| | DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| | DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| | DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| | GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

MY DIRECT DIAL IS: (513) 873-2102
MY EMAIL ADDRESS IS: DANIEL.ROSENTHAL@JACKSONLEWIS.COM

*through an affiliation with Jackson Lewis P.C., a Law Corporation

January 16, 2018

Debra Powell
U.S. Equal Employment Opportunity Commission
Ridge Park Place
1130 22nd Street
Birmingham, AL 35205

Re:   Fred Crum and Resolute Forest Products
      Charge No. 420-2018-00555

Dear Ms. Powell:

This is the position of Resolute Forest Products ("Resolute").

Resolute's Coosa Pines operation is a pulp and paper mill. The United Steelworkers Union represents the Coosa Pines mill production and some maintenance employees, including charging party Fred Crum.

Resolute is an equal opportunity employer. It publicized this to its employees by a number of means, including the EEO clause in Article 1 of the union contract between Resolute and the union, and the EEO policy posted on communication boards throughout the mill. Crum's employment with Resolute is governed by the union contract.

Resolute certified Crum as a winder-wrapper operator on May 11, 2017 (see Attachment 1; a winder-wrapper operator is also known as a pulp finisher). The wrapper encloses large rolls of pulp in a transparent, protective wrapper.

On May 23, 2017, while working as a wrapper operator, Crum failed to perform his job adequately causing the line to back up by 5 rolls. This required a slowdown of production resulting in a loss of 100 tons of production.

Resolute then moved Crum to the winder operator position. Due to Crum's numerous errors on the winder, Resolute experienced rolls stuck together, roll cores being off center and issues with the profile of rolls. Crum failed to take any steps to correct the problems, seek assistance or listen to the advice of others. As a result of his unacceptable job performance, Resolute gave Crum a reprimand (Attachment 2).

**EXHIBIT**
**A**

# jackson|lewis.

The next day, May 24, Crum negligently entered a negative number into the timer of the wrapper, shutting down the wrapper and winder operations. Resolute reprimanded Crum for this as well.

On June 5, Resolute offered Crum the opportunity to retrain on the winder position. Crum declined saying he was qualified and did not need additional training. (See Attachment 3, a memo confirming this, signed by Crum.)

The union, on behalf of Crum, filed grievances under the union contract protesting both reprimands (Attachment 4).

On June 29, Resolute and the union reached agreement on the reprimands and grievances. "[T]he winder [reprimand] sticks, the wrap line [reprimand] goes away. Agreed, grievances go away." (Attachment 5, minutes of 3rd step grievance meeting.) Accordingly, Resolute removed the second reprimand from Crum's personnel file. [1]

This case simply involves discipline imposed under the union contract, resolved fairly by the parties. There is no evidence race was involved, and it was not.

Crum vaguely refers to applications for positions, without details or evidence. Resolute has no record of Crum applying for any position in the last several years. These claims are time barred.

Nothing else in Crum's charge supports a discrimination claim.

The union contract does not call for a verbal warning. I attach a memo about performance counseling of Crum in February 2017 (Attachment 6).

Resolute has no record or memory of production or quality incidents with Ledbetter or Hall. However, in 2017, at least five white employees in the same bargaining unit as Crum received written reprimands under the same work rule.

The charge is without merit and should be dismissed.

Sincerely,
JACKSON LEWIS P.C.

*Daniel G. Rosenthal / JST*

Daniel G. Rosenthal

DGR/trt

Enclosures

4826-5637-1545, v. 1

---

[1] Resolute did not retain a copy of this reprimand.

April 10, 2020

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
DENNIS G. PANTAZIS
ANN K. WIGGINS
SAMUEL FISHER
DEBORAH A. MATTISON
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR.
BRIAN CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
CANDIS A. McGOWAN
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
ROBERT J. CAMP
JOSHUA D. WILSON
RACHEL LEE McGINLEY
JOSHUA R. GALE•
L. WILLIAM SMITH
D.G. PANTAZIS JR.
SIDNEY JACKSON
PATRICK L. PANTAZIS
LACEY DANLEY

TIMOTHY B. FLEMING•
MELINA GOLDFARB
TERRILL W. SANDERS
SANDRA DUCA
OF COUNSEL
Not Licensed in Alabama•

**VIA U.S. MAIL and ELECTRONIC MAIL**
Fred Crum
PO Box 353
Sylcauga, AL 35150

### *RE:     Fred Crum v. Resolute Forest Products*

Dear Mr. Crum:

Thank you for contacting us regarding a potential claim against Resolute Forest Products. Based on the information you provided, the firm has decided that we will be unable to represent you in this matter. We will take no action on your behalf and we will not open a file.

In declining to accept this matter, we are not expressing an opinion as to the merits of the case. You should be aware that failure to proceed promptly may result in your legal matter being barred by a time limit. Therefore, we strongly recommend that you immediately contact another attorney regarding this matter.

### **PLEASE BE REMINDED THAT YOU HAVE 90 DAYS FROM YOUR RECEIPT OF THE NOTICE OF RIGHT TO SUE FROM THE EEOC. YOUR NOTICE OF RIGHT TO SUE WAS ISSUED ON JANUARY 23, 2020.**

If I can ever be of any assistance with any other matter in the future, please do not hesitate to contact this office.

Sincerely,

*Samuel Fisher*

Samuel Fisher

SF/mld

An Alabama Limited Liability Company
The Kress Building • 301 19ᵗʰ Street North • Birmingham, AL 35203
205-314-0500 main • 205-254-1500 fax
WASHINGTON, D.C • DELAND, FLORIDA • NASHVILLE, TENNESSEE
**wigginschilds.com**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 212-2100
FAX (205) 212-2105
Website: www.eeoc.gov

Fred Crum
912 Heritage Drive
Sylacauga, AL 35150

Our reference:
*Fred Crum v. Resolute Forest Products*
Charge Number 420-2019-02827

Dear Mr. Crum:

This letter is sent regarding the above referenced charge of discrimination which you originally filed with this office on July 16, 2019. You will recall that the employer's response to your allegations was released to you on September 25, 2019. You provided additional information in response to the employer's defense on December 18, 2019. We wanted to follow-up with you to advise you that based on an analysis of the material and testimony obtained during the investigation, the Commission has concluded that it is unlikely that additional investigation will result in a finding that the law was violated, as alleged.

### Discharge

In order to establish a violation on the issue of discharge, the evidence must show that: 1) you belong to a protected group; 2) you were discharged; 3) others similarly situated but not of your protected group were not discharged; and 4) the employer cannot explain the difference in treatment or its explanation is in fact pretext for discrimination.

The evidence of record shows that you belong to a protected group and that you were discharged. There is no evidence that similarly situated comparators outside of your protected group were not discharged despite engaging in the same conduct. The evidence of record shows that you were discharged for four violations of your last chance agreement, any one of which would have resulted in discharge. Because the employer has provided a nondiscriminatory reason for your discharge, it is unlikely that you were discharged because of your race as alleged.

### Retaliation

In order to establish a violation on the issue of retaliation, the evidence must show that: 1) you have engaged in protected activity under the statute; 2) the employer was aware of your involvement in protected activity; 3) the employer acted to deny a right or a privilege or to harm you; 4) there is a causal connection between your protected activity and the adverse action; and 5) the employer cannot provide a nondiscriminatory reason for the action against you.

The evidence of record shows that you engaged in protected activity by filing EEOC charge number 420-2018-00555 and 420-2019-01109. The employer was aware that you did so as evidence by the position statements it provided for both previous charges. However, there is no evidence of a causal connection between your protected activity and your discharge for violating



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 212-2100
FAX (205) 212-2105
Website: www.eeoc.gov

your last chance agreement four times, any one of which would have resulted in your discharge. It is unlikely that you were discharged in retaliation for engaging in protected activity as alleged.

## Conclusion

Although the evidence of record does not suggest a violation of any law enforced by the Commission, a *Dismissal and Notice of Rights* is enclosed. This document gives you the opportunity to pursue the case in federal district court should you disagree with the Commission's determination. If you decide to pursue the case in federal court, you must do so within ninety (90) days from the date of your receipt of the *Dismissal and Notice of Rights.*

If you have any questions or require additional information, do not hesitate to contact me by email at richard.grooms@eeoc.gov or by telephone at (205) 212-2115.

Sincerely,

Ray
Grooms,
Federal
Investigator

Digitally signed by Ray
Grooms, Federal Investigator
DN: cn=Ray Grooms, Federal
Investigator, o=U.S. Equal
Employment Opportunity
Commission,
ou=Enforcement 2,
email=richard.grooms@eeoc
.gov, c=US

**JAN 2 3 2020**

_____

**Date Mailed**

**Enclosure**

420-2019-01109
DI Letter
Page 2 of 2

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 420-2019-01109 |

| null | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Fred Crum | (256) 208-0017 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 95 oakview Circle,  SYLACAUGA, AL 35151 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| RESOLUTE FOREST PRODUCT | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 17589 PLANT RD,  COOSA PINES,  AL 35044 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

06-07-2018          02-11-2019

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a Black male. I have been working for the above-named employer for approximately 30 years. Since around Spring of 2018, I have been in On-the-Job Training as an Assistant Operator. Prior this this promotion, I was a Winder/Wrapper Operator. On or about November 2017, I filed an EEOC Charge of Discrimination (420-2018-00555) against the above-named employer. Since filing the previous EEOC Charge of Discrimination, I have been subjected to retaliation. I have received unwarranted reprimands for missing work and missing training although my White counterparts are not subjected to the same discipline for similar conduct. On or about June 7, 2018, I received a reprimand for missing two (2) days of work. This reprimand was unwarranted because company policy states that I should have received three (3) days of bereavement leave due to the death of my mother. On or about September 16, 2018, I received a reprimand for failing to attend a mandatory training that occurred on a scheduled day off. My White co-workers are not disciplined for missing training, and instead they are rescheduled for the training.

On or about October 2018, I applied for a Supervisor position. I was allowed to take the test, but I was not called for an interview, despite having over 30 years of experience and a degree. The person selected for the position is a White female who has only been with the employer for 1-2 years.

On or about January 11, 2019, I was placed on a one month suspension without pay, and informed that this was a Last Chance

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Fred Crum on 02-11-2019 12:23 PM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2019-01109 |

| null | and EEOC |
|---|---|
| State or local Agency, if any | |

Agreement. I was written up for instances referred to as lack of application. These write-ups are due to work processes that everyone experiences due to machine mal-functions. I believe I am being written-up in order to prevent me from being promoted, and to ultimately lead to my termination.

I believe that Black individuals as a class are treated less favorably than White individuals. There are not any Black individuals in any management or supervisory positions. Black individuals are also reprimanded when their White counterparts are not reprimand.

I believe that I have been discriminated against and retaliated against in violation of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Fred Crum on 02-11-2019 12:23 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Case 1:20-cv-00550-ACA Document 1 Filed 04/22/20 Page 18 of 27

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Fred Crum, Sr.
95 Oakview Circle
Sylacauga, AL 35151

From: **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street**
**Birmingham, AL 35205**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2018-00555 | **IRAN CRUZ,**<br>Investigator | (205) 212-2134 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

#### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**DELNER FRANKLIN-THOMAS,**
**District Director**

JUN 04 2018

(Date Mailed)

cc: **RESOLUTE FOREST PRODUCTS**
C/o Daniel Rosenthal
Jackson Lewis P.C.
425 Walnut Street
Suite 2300
Cincinnati, OH 45202



EXHIBIT
B

January 14, 2019

Mrs. Jacques Vachon

Senior Vice President,

Resolute Forest Products Inc.

111 Robert-Bourassa Blvd., Suite 5000

Montreal (Quebec), Canada H3C 2M1

Mrs. Vachon,

I am Fred Crum a Black employee of Resolute at Childersburg, Alabama for 30 years (#1135). I have worked in several department in News Print and Ross Pulp Manufacturing for the past 30 years. Have maintain a good attendance record and performing good on my job without problems.

Over the past years I have apply for numerous entry level management job and most recent this December 2018, I apply for Shift Team Leader job on Resolute website. They include me in the testing stage but was not given an interview. Coosa Pines Management hired five new Shift team Leader wish all five are white. Management have try fabricated incident and situation to Damage my good record. 2018 have been the worse year ever, with the company trying to fire me rather give a STL job. They have given me Reprimand for things like going to my Mother Funeral in South Carolina and causing products to get behind. Reasons being I am a Black man running the job and management won't fix the equipment. Please we need Coosa Pines Management check for Systematic Discrimination.

Coosa Pines Management have been Systematic Discrimination against me and other blacks at this plant for years.

- No Black  Facilitate
- No Black Supervisor
- No Black Department Head

I have include a attachment. I look forward in talking with someone from Corporate about what's going on here.

Fred Crum

| UNITED STATES OF AMERICA | DO NOT WRITE IN THIS SPACE | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD | Case | Date filed |
| **CHARGE AGAINST LABOR ORGANIZATION OR ITS AGENTS** | **10-CB-247686** | **September 5, 2019** |

INSTRUCTIONS: File an original of this charge with the NLRB Regional Director of the region in which the alleged unfair labor practice occurred or is occurring.

**1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT**

| a. Name<br>United Steelworkers District 9 | b. Union Representative to Contact<br>Raymond League<br>Staff Representative | |
|---|---|---|
| c. Address<br>1413 Thompson Circle, Suite 101, Gardendale, AL 35071 | d. Tel. No.<br>(205)631-0137 | e.e. Cell No. |
| | f. Fax No.<br>(205)631-0138 | g. e-Mail |

h. The above-named labor organization or its agents have engaged in and are engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (1)(A) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Since about August 22, 2019, the above-named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by refusing to arbitrate the grievance of Fred Crum regarding his discharge for arbitrary or discriminatory reasons or in bad faith.

| 3. Name of Employer<br>Resolute Forest Products | | 4a. Tel. No. | 4b. Cell No. |
|---|---|---|---|
| | | 4c. Fax No. | 4d. e-Mail |
| 5. Location of Plant involved (street, city, state, and ZIP code)<br>17589 Plant Rd, Childersburg, AL 35044 | | 6. Employer representative to contact<br>Ashley Norland Supervisor | |
| 7. Type of Establishment (factory, mine, wholesaler)<br>Factory | 8. Principal product or service<br>Pulp | | 9. Number of Workers employed<br>250 |
| 10. Full name of party filing charge<br>Fred Crum | | 11a. Tel. No.<br>(256)208-0017 | 11b. Cell No. |
| | | 11c. Fax No. | 11d e-Mail<br>frum1@bellsouth.net |

11. Address of party filing charge (street, city, state, and ZIP code)

912 Heritage Drive, Sylacauga, AL 35150

**12. DECLARATION**

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

| By: *Fred Crum* (signature) | Fred Crum<br>(signature of representative or person making charge)<br>Print/type name and title or office, if any | Tel No.<br>(256)208-0017<br>Cell No. |
|---|---|---|
| Address:<br>912 Heritage Drive, Sylacauga, AL 35150 | Date:<br>9-5-19 | Fax No.<br>e-Mail<br>frum1@bellsouth.net |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses of the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.   1-2564105871

**STATE OF ALABAMA**
**DEPARTMENT OF LABOR**
**HEARINGS AND APPEALS DIVISION**
**MONTGOMERY, ALABAMA    36130**



## DECISION ON UNEMPLOYMENT COMPENSATION CLAIM

**CLAIMANT**

FRED CRUM
912 HERITAGE DR
SYLACAUGA AL 35150

**EMPLOYER**

RESOLUTE FP US INC
BOWATER LUMBER &
WOODLANDS
17589 PLANT RD
COOSA PINES AL  35044-9000

**APPELLANT :** EMPLOYER
**LOCATION  :** TELEPHONE
**OC NO.    :** 00-93

**DATE MAILED** : 08/12/19
**CASE NO.** : 04787-AT-19
**S. S. NO.** : XXX-XX-4560
**HEARING DATE**: 07/31/19

**APPEARANCES AT THE HEARING:** Claimant and employer representative

**ISSUE(S):** Discharge from most recent bona fide work for actual or threatened deliberate misconduct committed in connection with work after previous warnings.  Section 25-4-78(3)(b) Code of Alabama 1975

**FINDINGS:** This employer, with whom the claimant had most recent bona fide work, appealed an Examiner's determination on a claim for unemployment benefits.

The claimant worked for the listed employer, a wood manufacturing company, from January 25, 1988, until June 20, 2019, as a winder operator. He had been working for the listed employer for approximately thirty-one years. He began to receive reprimands after he got a new department manager approximately three years ago.  On June 7, 2018, and November 27, 2018, he was reprimanded about absenteeism. He was given several warnings regarding unsatisfactory job performance. On January 11, 2019, the claimant was given a last chance agreement which indicated that his performance was not acceptable and his lack of application would not be permitted to continue. Incidents were cited which occurred on August 23, 2018, September 24, 2018, September 26, 2018, September 27, 2018, November 27, 2018, and January 2, 2019, concerning lack of application and causing the machine to be shut down.  He was informed that any future incidents resulting in any level of disciplinary action, would result in the termination of his employment. At that time, he was suspended in lieu of termination from January 11, 2019, through February 10, 2019, to impress upon him the need to improve in his performance, and the need to properly execute the duties of his position. He was advised to complete computer-based training online upon his return to work on February 12, 2019. The claimant completed the training as required. On May 31, 2019, he was written up for incorrectly tagging some products as prime products which were products in process of being completed, causing the employees to load a rail car with the wrong product, and having to unload the rail car later. On June 2, 2019, he was reprimanded for failing to keep up the baler wire, causing three balers to have to be discarded. On June 7, 2019, the claimant was given a reprimand because he failed to properly thread a machine. The final incident occurred on June 9, 2019, when the claimant was accused of violating the safety procedures.  After being informed that he was seen on camera violating the safety policy, he

was informed that employees were not supposed to stand on the steps without a harness. The safety procedures were changed in June 2019, while the claimant was on vacation, but he was not made aware of any changes in the safety rules prior to June 9, 2019. The claimant believes that the listed employer fabricated the evidence in the warnings to show that he was not properly performing his job, and he signed the warnings under protest. The union was supposed to arbitrate after the warnings were given, but the union arbitration never took place. The company's policy states that inefficiency or lack of application on the job will result in termination. The claimant received a copy of the company's policy at the time of hire. On June 20, 2019, he was informed that he had repeatedly violated the terms of the last chance agreement. The claimant was discharged by the human resources manager for failure to meet the company's standards of performance.

**CONCLUSIONS:** Section 25-4-78(3)(b) of the Law provides that an individual shall be disqualified for total or partial unemployment if he was discharged from his most recent bona fide work for actual or threatened misconduct committed in connection with his work repeated after previous warning. "Misconduct" is defined as a deliberate, willful or wanton disregard of an employer's interests or of the standards of behavior which he has a right to expect of his employees. Conflicting testimony was received during the hearing. While the managerial right of the listed employer to discharge the claimant is not in question, it has not been shown that the final incident which led directly to the loss of his job involved an act of misconduct on his part, although he had received prior warning. Thus, he was not discharged for misconduct in connection with his work. Therefore, the claimant would not be subject to a disqualification under the provisions of this section of the Law.

**DECISION:** The Examiner's determination is affirmed. The claimant is eligible for benefits. The employer's experience rating account is chargeable for this period of employment.

**APPEAL RIGHTS:** This decision becomes final unless an application for leave to appeal to the Board of Appeals is received in writing at the Department address above or by fax at 334-956-7494 on or before the **FINAL DATE OF August 27, 2019**. If an appeal is filed, and the claimant remains unemployed, the claimant should continue to file weekly claims on time pending the outcome of the appeal. Payments can only be made for eligible weeks for which timely claims have been filed.

Essence Gambles
Administrative Hearing Officer


LHL/kh


**resolute**
Forest Products

# EMPLOYEE REPRIMAND

**EMPLOYEE (print** _____ Fred Crum _____ **DATE** _6/7/18_

**DEPARTMENT** _____ Ross Dryer _____

**UNION** ☒ United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers
International Union & USW Local 692

❑ Local Union No. 1629 International Brotherhood of Electrical Workers

❑ United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry of the
United States & Canada & Local No. 91

**THE ABOVE STATED EMPLOYEE** is hereby reprimanded for a violation of Rule No _____ 3 _____
of Company Rules Group  ☒ 1  ❑ 2  of the current Labor Agreement.

**DATE OF VIOLATION** _____ May 29 and 30 _____

**DETAILS OF VIOLATION** _____ Non Permission absentee on May 29 and 30. _____

_____

_____

_____

_____

_____

**ACTIVE REPRIMAND**   ☒1st   ❑2nd   ❑3rd   ❑4th

**FURTHER VIOLATIONS** will be handled in accordance with rules set forth in the current Labor
Agreement. A period of twelve (12) consecutive months from (date) _____ 5/29/18 _____
without another violation of Company Rules is required to clear the employee's reprimand
record.

**EMPLOYEE ACKNOWLEDGEMENT:** I acknowledge receipt of this reprimand as provided for in
the current Labor Agreement.

**SIGNATURES** Employee _Fred Crum_ under protested

Supervisor _Richard Bloda_

Union Rep. (unless waived) _Joe Catt_ USW 692 President

Other Attendee _____

Other Attendee _____

File Copy/white, Union Copy/yellow, Employee Copy/pink

**EXHIBIT**
**C**

Resolute Forest Products, Coosa Pines, 17589 Plant Rd, Childersburg, Al. 35044

# A Celebration of Life
## for the beautiful

# Daisy (Hermena) Robinson Crum



*Sunrise: Dec. 15, 1929*

*Sunset: May 18, 2018*

*The Life and Legacy of Daisy (Hermena) Robinson Crum*

*The Order of Honor for our Loved One*

## Sunday, May 27, 2018
## 1:30 PM

### Zion Pilgrim Christian Church (DOC)
**168 Campbell Thicket Road**
**Ridgeville, South Carolina 29472**
*Rev. Shaunette L. Lloyd, Pastor*

-INTERMENT-
**Sharon Memorial Cemetery † Givhans, South Carolina**



**resolute**

**Forest Products**

Coosa Pines Mill
17589 Plant Road
Coosa Pines, AL 35044
T 256-378-5541  **resolutefp.com**

Date:        January 11, 2019

To:          Fred Crum

Cc:          Lee Cottogim
             Personnel File

Subject:     Last Chance Agreement/Suspension in Lieu of Termination:

Mr. Crum:

On Friday, September 14th, 2018 while working as wrap line operator you failed to install a core plug in a roll of the Montek break bulk order. This error was not discovered until the roll was being moved at the port of Livorno, Italy. Errors of this magnitude are not acceptable and not only demonstrate a lack of application but create an extremely unsafe condition for those handling the product. This also creates issues with our customers both from a safety and quality perspective.

Understand due to the severity and potential of this individual incident, discharge could be warranted. In addition, you are already under a third step disciplinary action dating back to November 27, 2018 and as such are now subject to discharge under the Company Rules.

Additionally, this is not your first issue regarding "lack of application." Though no disciplinary action was taken for these actions, you have had performance issues as recently as:

1.   September 26, 2018 when working the wrap line and falling 5 reels behind due to working slowly and inefficiently. More specifically, rather than remove a spider web on a photo eye which was causing intermittent issues on the wrap line, you chose to stop running the wrap line and call maintenance instead of cleaning the photo eye. When another operator was put in your position, he chose to clean the spider web and operations returned to normal.
2.   September 27, 2018 when you and another operator chose to recycle pulp sheets into the front side funnel rather than the dry end beater resulting in a plugging of front side trim chute which ultimately caused the Ross to back up 4 reels behind the winder.
3.   January 2, 2019 while operating the wrap line, when a single roll became off center of the conveyor, you failed to exercise proper caution and diligence in correcting the situation and when you attempted to advance the roll, the roll fell off the conveyor causing damage to the encoder shaft, the encoder and the index conveyor motor and the shroud over the motor. This resulted in the wrap line having to be shut down for repairs.

Performance of this nature is not acceptable and cannot be permitted to continue. Understand this is your last chance to improve your performance and retain your employment with the Company. Any future incidents resulting in any level of disciplinary action, including attendance, will result in the termination of your employment. To further impress upon you the need to improve your performance, you will be suspended beginning Friday January 11, 2019 through February 10, 2019. You will report back to work for your evening shift on Tuesday February 12, 2019. Upon returning your first assignment will be to complete any outstanding CBT's.



EXHIBIT
G



## resolute
**Forest Products**

Coosa Pines Mill
17589 Plant Road
Coosa Pines, AL 35044
T 256-378-5541  resolutefp.com

We hope this matter impresses upon you the need to properly execute the duties associated with your position.  Should you have any questions about any policies or procedures associated with your work at the plant or need assistance in future instances, you are strongly encouraged to speak with your supervisor.

Fred Crum

Daniel Nesmith – Manager Ross Dryer

Union Representative
USW Local 692


resolute
Forest Products

# EMPLOYEE REPRIMAND

**EMPLOYEE** (print ___Mike Justice  1751___     **DATE** 09/17/2018_____

**DEPARTMENT** __Utilities Department_____

**UNION**   ☐ United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union & USW Local 692
   ☑ Local Union No. 1629 International Brotherhood of Electrical Workers
   ☐ United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry of the United States & Canada & Local No. 91

**THE ABOVE STATED EMPLOYEE** is hereby reprimanded for a violation of Rule No __3_____
of Company Rules Group  X☐ 1   ☐ 2  of the current Labor Agreement.

**DATE OF VIOLATION** __08/23/2018_____

**DETAILS OF VIOLATION** _____
On 23 August you failed to attend mandatory training from 6am to 12pm. This training date was put out with the work schedule on August 16th. This type of absenteeism will not be tolerated.

_____
_____
_____
_____
_____
_____

**ACTIVE REPRIMAND**    ☐1st    X2nd    ☐3rd    ☐4th

**FURTHER VIOLATIONS** will be handled in accordance with rules set forth in the current Labor Agreement. A period of twelve (12) consecutive months from (date)_09/17/2019___    without another violation of Company Rules is required to clear the employee's reprimand record.

**EMPLOYEE ACKNOWLEDGEMENT:** I acknowledge receipt of this reprimand as provided for in the current Labor Agreement.

**SIGNATURES**   Employee_____

   Supervisor _____

   Union Rep. (unless waived) _____

   Other Attendee _____

   Other Attendee _____
   File Copy/white, Union Copy/yellow, Employee Copy/pink

Resolute Forest Products, Coosa Pines, 17589 Plant Rd, Childersburg, AL 35044

**EXHIBIT**

**H**