FILED
2021 Feb-25  PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **FRED CRUM**     Plaintiff,<br><br>v.<br><br>**RESOLUTE FOREST PRODUCTS**     Defendant. | Civil Action No.: 1:20-cv-550-ACA |

### DEFENDANT'S MOTION FOR SANCTIONS

Under Fed. R. Civ. P. 37(d), Resolute moves for sanctions including dismissal of plaintiff's complaint with prejudice and requiring plaintiff to pay fees and expenses Resolute incurred because of plaintiff's failure to attend his properly noticed deposition.

All the following facts are supported by the attached affidavit of Emily Gelhaus.

After rescheduling plaintiff's deposition twice at his request (and once at Resolute's request), Resolute properly noticed plaintiff's deposition for February 17 at 9:00 a.m.  Resolute's lawyer Emily Gelhaus sent plaintiff an email on February 12 reminding him of his deposition.  Plaintiff did not contact Gelhaus before the deposition.

On February 17, at 9:00 a.m., Gelhaus and Resolute's Human Resources Manager Jeff Wargo appeared for plaintiff's deposition.  Gelhaus and Wargo waited for over an hour.  Gelhaus and Wargo adjourned the attempted deposition at 10:15 a.m. and left at 10:30 a.m.  Plaintiff did not appear and did not contact Gelhaus.

As a result of Plaintiff's failure to appear for his deposition, Resolute incurred $4,157.43 in fees and expenses.

Crum knows how to contact Gelhaus.  Crum last contacted Gelhaus on January 27, 2021 when he sent an email saying he did not oppose Resolute's motion to depose him after the discovery deadline.

Plaintiff's failure to appear for his deposition is consistent with his repeated failure to comply with discovery rules during this lawsuit.  Plaintiff did not send any initial disclosures or respond to document requests, despite repeated written requests.

Plaintiff will not be prejudiced by dismissal of his meritless lawsuit.  He filed three charges with the Equal Employment Opportunity Commission against Resolute, some of which were attached to the complaint in this lawsuit.  The EEOC dismissed all three charges.  Plaintiff also filed an unfair labor practice charge with the National Labor Relations Board about the Union's refusal to arbitrate his termination.  The NLRB dismissed his charge explaining "the Union's decision was based upon [plaintiff's] extensive disciplinary history and the last chance agreement that was in place at the time of [his] last disciplinary infraction."

Rule 37(d) provides for dismissal and the award of fees and expenses due to a party's failure to attend his deposition.  Resolute requests that the Court dismiss the complaint with prejudice and award Resolute fees and expenses it incurred due to plaintiff's failure to attend his properly noticed deposition.

>Respectfully submitted,
>
>*/s/ Emily J. Gelhaus*
>Emily J. Gelhaus
>Jackson Lewis P.C.
>201 E. Fifth Street, 26th Floor
>Cincinnati, Ohio 45202
>Phone: (513) 873-2114/Fax: (513) 898-0051
>emily.gelhaus@jacksonlewis.com
>*Admitted Pro Hac Vice*
>
>*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that on February 25, 2021, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF System. Notice of the filing will be sent to Plaintiff Fred Crum, 912 Heritage Drive, Sylacauga, AL 35150, via email and regular U.S. Mail.

>Respectfully submitted,
>
>*/s/ Emily J. Gelhaus*

4841-6134-2941, v. 1