# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **FRED CRUM,** | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | }   Case No.: 1:20-cv-00550-ACA |
| | } |
| **RESOLUTE FOREST PRODUCTS,** | } |
| | } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Resolute Forest Product's ("Resolute") motion for sanctions against Plaintiff Fred Crum under Federal Rule of Civil Procedure 37(d). (Doc. 18). After Mr. Crum failed to respond to the motion, the court held a hearing at which Mr. Crum appeared and opposed the motion. The court, after hearing from the parties, noted that Resolute's request for attorney's fees was inadequately supported and requested that Resolute amend the affidavit it had submitted. Resolute then filed an amended motion for sanctions (doc. 22), which the court construes as a supplement to its motion for sanctions. In the supplement, Resolute seeks dismissal of Mr. Crum's complaint "or in the alternative, to award

defendant a portion of its[ ] fees and compel plaintiff's compliance with his discovery obligations." (Doc. 22 at 1).

Because the court finds that Mr. Crum willfully failed to appear for his deposition, the court **GRANTS** the motion for sanctions and **WILL DISMISS** this case with prejudice. Because the court is sanctioning Mr. Crum by dismissing his case, the court **DENIES** Resolute's alternative request for attorney's fees.

I.  BACKGROUND

Mr. Crum, who is proceeding *in forma pauperis* and representing himself, filed this employment discrimination case against Resolute in April 2020. (Doc. 1). In July 2020, Resolute provided the court with a Federal Rule of Civil Procedure 26 report, noting that although it had sent Mr. Crum two copies of the proposed report, Mr. Crum had not responded. (Doc. 12 at 1). Because Mr. Crum had not participated in the Rule 26 conference, the court set a telephonic scheduling conference. (Doc. 13). At the conference, held in early August 2020, the court advised Mr. Crum that his *pro se* status did not absolve him of his duty to familiarize himself with the Federal Rules of Civil Procedure and to comply with those rules and with the court's orders. The court then entered a scheduling order setting out various deadlines in the case, including a deadline of January 29, 2021 for discovery. (Doc. 14).

On August 24, 2020, Resolute sent Mr. Crum document requests and notified him that Federal Rule of Civil Procedure 34 required him to respond within 30 days. (Doc. 18-1 at 32). Resolute attached a copy of Rule 34 for his convenience. (*Id.* at 37–38). On November 2, 2020, Resolute mailed Mr. Crum a letter notifying him that his responses to the document requests were overdue and noticing his deposition for early December 2020. (*Id.* at 39). Mr. Crum then responded to Resolute's July 2020 email asking him his opinion of the proposed Rule 26 report. (*Id.* at 26–27). His response did not discuss the Rule 26 report (which had been entered months before), but simply stated that he wanted to reschedule his deposition for early January 2021. (*Id.* at 26–27). Resolute complied with that request and again reminded Mr. Crum of the overdue document requests. (*Id.* at 49; *see also id.* at 26). In December 2020, the parties filed a joint status report indicating that Mr. Crum had "not provided documents in response to document requests from Defendant which were served on August 24, 2020," nor had he "provided Rule 26(a)(1) disclosures," but that they did not anticipate any problems preparing for trial. (Doc. 15 at 1).

Resolute later moved Mr. Crum's deposition again because its attorney had been exposed to COVID-19. (Doc. 16). Two days before the scheduled deposition, Mr. Crum notified Resolute that he had tested positive for COVID-19 and would not be able to attend the deposition. (Doc. 18-1 at 24). Resolute therefore filed an

unopposed motion to take Mr. Crum's deposition outside the discovery deadline, which the court granted. (Docs. 16, 17). Mr. Crum's response that he did not oppose the motion was the last time Resolute heard anything from him. (Doc. 18-1 at 2 ¶ 8).

Resolute scheduled the deposition for February 17, 2021, and served a notice of deposition on Mr. Crum, stating that unless he indicated otherwise, it would assume that date worked for him. (Doc. 18-1 at 9–10). Five days before the deposition, Resolute emailed Mr. Crum to remind him of the deposition. (*Id.* at 9). But on the day of the deposition, Mr. Crum did not appear. (*Id.* at 1 ¶ 6). As a result, Resolute has filed this motion to sanction Mr. Crum by dismissing his case with prejudice or, in the alternative, for an award of attorney's fees and an order directing Mr. Crum to comply with his discovery obligations. (Docs. 18, 22).

Although the court ordered Mr. Crum to respond to Resolute's motion (doc. 19), he did not do so. The court therefore set a hearing (doc. 21), at which Mr. Crum appeared. At the hearing, Mr. Crum stated that having COVID-19 had made it difficult for him to concentrate, but he offered no explanation for his failure to respond to Resolute's emails and attempts to schedule the deposition or for his failure to let Resolute know that he could not make the February 17 deposition.

## II. DISCUSSION

Resolute moves under Federal Rule of Civil Procedure 37(d) to sanction Mr. Crum.[1] (Doc. 18). Rule 37(d) permits the court to "order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(d)(3). Rule 37(b)(2)(A) permits the court to (1) take certain matters as established for purposes of the action; (2) "prohibit[ ] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; (3) strike pleadings; (4) stay the proceedings until the disobedient party obeys a discovery order; (5) dismiss the action; or (6) enter a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi). "Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

---

[1] In its supplement, Resolute also requests dismissal as a sanction under Federal Rule of Civil Procedure 41(b) and the court's inherent power. (Doc. 22 at 4–5). Because the court will grant the motion and dismiss the case as a sanction under Rule 37, it does not address these alternative bases for dismissal.

5

Resolute seeks the most severe of sanctions, the dismissal of Mr. Crum's case with prejudice. (Doc. 18). "The decision to dismiss a claim [as a sanction under Rule 37], like the decision to enter a default judgment, ought to be a last resort—ordered only if noncompliance . . . is due to willful or bad faith disregard for those orders. On appeal we will find abuse of discretion if lesser sanctions would suffice." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986) (citation omitted).

Sanctions are appropriate in this case. Mr. Crum failed to appear for his properly noticed deposition and has not offered any reason justifying that failure. As the court stated at the hearing, Mr. Crum's failure to engage with discovery predates his COVID-19 diagnosis—indeed, it stretches back to failure to cooperate with Resolute in preparing a Rule 26 report.

Moreover, given Mr. Crum's conduct in the case, it is clear that his failure to appear for the deposition was willful. By the time Resolute filed this motion, the case was almost a year old, discovery had been closed for over a month, and Mr. Crum's total involvement in the case had been (1) to appear at the telephonic scheduling conference (where the court reminded him of his obligation to obey the Federal Rules of Civil Procedure), (2) a November 2020 request to reschedule his deposition, (3) consent to join the joint status report filed in December 2020, (4) a January 2021 request to reschedule his deposition, and (5) a lack of opposition to

Resolute's January 2021 motion to take his deposition outside the discovery period. In addition to his failure to appear at his deposition, he has repeatedly failed to respond to Resolute's documents requests, despite their persistent reminders. Taken as a whole, it is clear that Mr. Crum's failure to appear at his deposition is but the culmination of his willful failure to engage with the discovery process.

To be clear, the court does not find Mr. Crum's inability to attend the earlier deposition dates after he tested positive for COVID-19 to be evidence of willfulness; obviously, someone diagnosed with COVID-19 cannot not appear at an in-person deposition. After Mr. Crum was diagnosed with COVID-19, he contacted defense counsel to reschedule the deposition and indicated his lack of opposition to Resolute's motion to take his deposition outside the discovery period. (Doc. 18-1 at 24; *see* Doc. 16). His illness did not stop him from doing that much. But he then stopped responding to Resolute's attempts to schedule the deposition, did not respond to Resolute's attempt to confirm his availability, and did not notify Resolute that he would not appear at his deposition. (*See* Doc. 18-1 at 9–10). He also did not respond to the motion for sanctions despite the court's briefing order. (*See* Doc. 19). He has not offered any persuasive explanation for those failures, and the court finds that he has willfully disregarded his discovery obligations, including his obligation to appear at his own deposition.

The court has considered whether any lesser sanctions would suffice and finds that none would. The other sanctions listed in Rule 37(b)(2)(A) are either inapplicable or insufficient to sanction Mr. Crum. Taking "certain matters as established," striking pleadings, or entering a default judgment would serve no purpose. *See* Fed. R. Civ. P. 37(b)(2)(A)(i), (iii), (vi). Prohibiting Mr. Crum from supporting his claims would have the same result as a dismissal, except that it would require Resolute to incur more fees and expenses by moving for summary judgment. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). And staying the proceedings would not serve as a sanction. *See* Fed. R. Civ. P. 37(b)(2)(A)(iv). Discovery ended in January 2021 and dispositive motions were due on April 19, 2021. (*See* Doc. 14). There is no discovery period to stay, and the court declines to reward Mr. Crum for his willful failure to appear at the deposition by reopening discovery and extending the dispositive motion deadline. For the same reason, the court declines to use Resolute's alternative proposal of an award of attorney's fees and an order directing Mr. Crum to comply with his discovery obligations, with an associated extension of the dispositive motion deadline. (*See* Doc. 22 at 1). In any event, the court concludes that the circumstances here—Mr. Crum's *pro se* and *in forma pauperis* status, his lack of bad faith (albeit willfulness), and Resolute's sparse support for its request for attorney's fees—would make an award of attorney's fees unjust. *See* Fed. R. Civ. P. 37(d)(3) (permitting the court to decline to award attorney's fees if

"circumstances make an award of expenses unjust"). The court therefore finds that dismissal of the case is appropriate and that no other sanction will suffice.

Accordingly, the court **GRANTS** the motion for sanctions and **WILL DISMISS** this case **WITH PREJUDICE** as a sanction, under Rule 37(d), for Mr. Crum's willful failure to appear at his deposition. The court **DENIES** Resolute's request for attorney's fees.

The court will enter a separate order dismissing this case.

**DONE** and **ORDERED** this April 23, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE